```
                         United States Bankruptcy Court
                         Southern District of Florida
In re:                                                          Case No. 09-25052-RBR
Richard Malcolm Stoll                                           Chapter 13
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 113C-0         User: shafronj             Page 1 of 1              Date Rcvd: Jul 31, 2014
                             Form ID: CGFD74            Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 02, 2014.
```
db             +Richard Malcolm Stoll,    2036 N.E. 30th Street,    Fort Lauderdale, FL 33306-1234
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 02, 2014                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 31, 2014 at the address(es) listed below:
```
              Craig A Edelman    on behalf of Creditor    SPECIALIZED LOAN SERVICING, LLC
               craig.edelman@buckleymadole.com
              David E. Hicks, Esq.    on behalf of Creditor    CarMax Business Services, LLC d/b/a CarMax Auto
               Finance courtinfo@bcylaw.com
              Gavin N Stewart    on behalf of Creditor    Chase Home Finance LLC bkfl@albertellilaw.com
              Joe M Grant    on behalf of Debtor Richard Malcolm Stoll jmgrant@jmgrantlaw.com
              Joe M Lozano, Esq    on behalf of Creditor    Fifth Third Bank notice@bvwlaw.com
              Joe M. Grant, Esq.    on behalf of Debtor Richard Malcolm Stoll jgrant@msglaw.com,
               efile@msglaw.com;mg197ecfbox@gmail.com
              John R Callison    on behalf of Creditor    SPECIALIZED LOAN SERVICING, LLC
               john.callison@buckleymadole.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Peter W Kelly    on behalf of Creditor    Chase Home Finance LLC sobkmail@wolfelawfl.com
              Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com
                                                                                             TOTAL: 10
```

CGFD74 (12/1/13)

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

Case Number: 09−25052−RBR

Chapter: 13

In re:

Richard Malcolm Stoll
2036 N.E. 30th Street
Fort Lauderdale, FL 33306

SSN: xxx−xx−2573

## NOTICE OF REQUIREMENT TO FILE LOCAL FORM "DEBTOR'S CERTIFICATE OF COMPLIANCE, MOTION FOR ISSUANCE OF DISCHARGE AND NOTICE OF DEADLINE TO OBJECT"

   **PLEASE TAKE NOTICE:**  Under Local Rule 4004−3(A)(3), upon the filing by the trustee of the Notice of Completion of Plan Payments, the debtor is required to file and serve the attached Local Form "Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object" on all parties of record. The trustee filed the notice of completion of plan payments and the debtor has failed to timely file the Local Form "Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object."

   **NOTICE IS HEREBY GIVEN THAT** the debtor must serve and file the Certificate and Motion within 30 days of the date of this notice or the above case may be closed without entry of a discharge and notice will be provided to all parties of record that the case was closed without entry of a discharge. If the debtor is appearing pro se, the clerk's office will provide notice of this Certificate and Motion to all parties of record after it has been filed with the court. If the case is closed without entry of a discharge and the debtor subsequently moves to reopen the case for the purpose of obtaining a discharge, the debtor will be required to pay a reopening fee and file the Local Form "Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object" and serve it (unless the debtor is pro se whereby the clerk shall provide service) as required by Local Rule 4004−3(A)(3).

**Dated:7/31/14**

**CLERK OF COURT**
By: Judy Shafron
Deputy Clerk

Enc. Local Form "Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object"

The clerk shall serve a copy of this notice on the Debtor.

LF−97A (rev. 12/1/13)

# United States Bankruptcy Court
### Southern District of Florida
www.flsb.uscourts.gov
### Division:   Fort Lauderdale

Case Number: 09−25052−RBR

Chapter: 13

In re:

**Name of Debtor(s):**  Richard Malcolm Stoll

_____/

**DEBTOR'S CERTIFICATE OF COMPLIANCE,
MOTION FOR ISSUANCE OF DISCHARGE AND
NOTICE OF DEADLINE TO OBJECT**

**NOTICE OF TIME TO OBJECT**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service of this motion shall, pursuant to Local Rules 4004−3(A)(3) and 9013−1(D), be deemed to have consented to the entry of an order of discharge.**

The debtor(s)*, _____, in the above captioned matter certifies as follows:

1.  The chapter 13 trustee has issued a Notice of Completion of Plan Payments on _____. The debtor is requesting the court issue a discharge in this case.

2.  The debtor has completed an instructional course concerning personal financial management described in 11 U.S.C. § 111 and proof of completion of the course was filed with the court on _____.

3.  Compliance with 11 U.S.C. § 101(14A):

    \_\_\_\_\_  A.  The debtor has not been required by a judicial or administrative order, or by statute to pay any domestic support obligation as defined in 11 U.S.C. § 101(14A) either before this bankruptcy was filed or at any time after the filing of this bankruptcy,

**OR**

\* All further references to "debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals, unless any information is noted as specifically applying to only one debtor.

LF−97A (rev. 12/1/13)

    \_\_\_\_\_ B.  The debtor certifies that as of the date of this certification, the debtor has paid all amounts due under any and all domestic support obligations as defined in 11 U.S.C. § 101(14A), required by a judicial or administrative order or by statute, including amounts due before, during and after this case was filed. The name and address of each holder of a domestic support obligation is as follows:

    _____
    _____
    _____
    _____

4.    The debtor's most recent address is as follows:

    _____
    _____
    _____

5.    The name and address of the debtor's most recent employer is as follows:

    _____
    _____
    _____
    _____

6.    The following creditors hold a claim that is not discharged under 11 U.S.C. § 523(a)(2) or (a)(4) or a claim that was reaffirmed under 11 U.S.C. § 524(c):

    _____
    _____

7.    Compliance with 11 U.S.C. § 1328(h):

    \_\_\_\_\_ A.  The debtor has <u>not</u> claimed an exemption under § 522(b)(3) in an amount in excess of $146,450 in property of the kind described in § 522(q)(1) [generally the debtor's homestead];

**OR**

    \_\_\_\_\_ B.  The debtor <u>has</u> claimed an exemption under § 522(b)(3) in an amount in excess of $146,450 in property of the kind described 522(q)(1) but there is no pending proceeding in which the debtor may be found guilty of a felony of a kind described in § 522(q)(1)(A) or found liable for a debt of the kind described in § 522(q)(1)(B).

**LF−97A** (rev. 12/1/13)

8. The debtor has not received a discharge in a case filed under chapter 7, 11, or 12 during the 4 year period preceding the filing of the instant case or in a case filed under chapter 13 during the 2 year period preceding the filing of the instant case.

I declare under penalty of perjury that the information provided in this Certificate is true and correct.

_____
Debtor, Richard Malcolm Stoll

# CERTIFICATE OF SERVICE

Attach or file separately a Local Rule 2002−1(F) certificate of service reflecting manner and date of service on parties in interest.

If the Debtor is appearing pro−se, the clerk's office will serve this Certificate and Motion.